# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| LENNAR CORPORATION and HPS DEVELOPMENT CO., LP, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 23-416C |
| v. | ) ) ) | (Filed: February 7, 2025) |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

Geoffrey H. Yost, O'Melveny & Myers LLP, San Francisco, CA, with whom were, Daniel M. Petrocelli, David Marroso, and Madhu Pocha, Of Counsel, O'Melveny & Myers LLP, Los Angeles, CA, for Plaintiffs Lennar Corporation and HPS Development Co., LLP.

Amanda L. Tantum, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom were Franklin E. White, Jr., Assistant Director, and Franklin E. White, Jr., Director, for the United States.

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

The government has filed a motion to compel "proper and complete responses" to Interrogatories Nos. 3–6, which were included in its first set of interrogatories and requests for production. Def.'s Mot. to Compel ("Def.'s Mot."), ECF No. 37. For the reasons set forth below the government's motion is **DENIED**.

## DISCUSSION

**I.      Interrogatory No. 3**

Interrogatory No. 3 requests that Plaintiffs "describe, in detail, any and all bases for Lennar Corporation and/or HPS Development Co., LP's contention that Lennar Corporation is subrogated to HPS Development Co., LP's alleged indemnification rights under Section 330(a)(2) of the National Defense Authorization Act for Fiscal Year 1993." App. to Def.'s Mot. at 82, ECF No. 37-1.

Plaintiffs objected to Interrogatory No. 3 on the grounds that it is overbroad as drafted because it requests a description "in detail" of "any and all bases" for Lennar Corporation's ("Lennar") legal position. Id. at 82–83. Plaintiffs responded to the

interrogatory by quoting the Court's opinion denying the government's motion to dismiss, in which it stated that "Lennar Corp. became HPS Development Co., LP's subrogee" when it "incurred legal expenses to defend its interest in a personal injury claim predicated on alleged exposure to hazardous substances on land owned by HPS Development." Id. at 83 (quoting Op. at 17, ECF No. 20).

The Court understands this response to mean that Plaintiffs' sole basis for contending that Lennar is subrogated to HPS Development Co., LP ("HPS Development") is the one articulated in the Court's opinion, i.e., that Lennar incurred legal expenses to defend its interests in the Carter litigation. If Plaintiffs intend to argue that Lennar is a subrogee on any other basis, then they are directed to disclose that other basis to the government no later than seven days from the date of this order.

## II.    Interrogatory No. 4

Interrogatory No. 4 asks Plaintiffs to "[p]lease describe, in detail, the compulsion under which Lennar Corporation allegedly incurred the expenses and/or costs sought in the instant case." App. to Def.'s Mot. at 84. In response, Plaintiffs objected to the word "compulsion" as "vague and undefined" and stated that they "will define an act of 'compulsion' to mean an act taken to protect one's own interests." Id. (citing First Nat'l City Bank v. United States, 548 F.2d 928, 936 (Ct. Cl. 1977)). Plaintiffs also objected to this interrogatory on the grounds that it was "irrelevant and overbroad because 'compulsion' is not an element of or relevant to either party's claims or defense." Id. And they once again objected to the request that they answer "in detail," stating that they would interpret the interrogatory to ask for only "principal or material" details. Id.

In their response to the government's motion to compel, Plaintiffs confirm that they are referring to the word "compulsion" as it is used in Plaintiffs' response to the government's motion to dismiss. Pls.' Opp'n to Def.'s Mot. at 11, ECF No. 39; Pls.' Opp'n to Def.'s Mot. to Dismiss at 9, ECF No. 12 (observing that "[a]s a general rule, subrogation applies where a party not acting voluntarily, but under some compulsion pays a debt or discharges an obligation for which another is primarily liable and which in equity and good conscience ought to be discharged by the latter" (emphasis added) (quoting First Nat'l City Bank, 548 F.2d at 936)). This resolves any vagueness or relevance issues.

In their response to the government's request for a detailed description of the compulsion under which Lennar incurred the expenses and/or costs that it seeks in this case, Plaintiffs again quote from the Court's decision holding that Lennar incurred the expenses under compulsion because it was a target of the Carter lawsuit and had an interest in defending itself. App. to Def.'s Mot. at 85 (quoting Op. at 17).

The government contends that by quoting from the Court's decision, Plaintiffs do not "forthrightly answer the question posed in the interrogatory." Def.'s Mot. at 15. It further states that "[i]f the Court's statements . . . are plaintiffs' only support for their assertion that Lennar Corporation acted under compulsion, plaintiffs should state this

2

clearly and forthrightly" and that, "[i]f plaintiffs have an independent basis for claiming that there was compulsion, they should provide it." Id.

The Court agrees with Plaintiffs that quoting from the Court's opinion to respond to the interrogatory is permissible. In addition, it reads their response as stating that their sole basis for claiming compulsion is the one set forth in the Court's decision. If Plaintiffs intend to assert another independent basis for claiming compulsion, then it shall disclose that basis to the government no later than seven days from the date of this order.

### III.     Interrogatory No. 5

Interrogatory No. 5 asks Plaintiffs to "describe, in detail, the rights and interests that Lennar sought to protect by allegedly incurring the expenses and/or costs sought in the instant case." App. to Def.'s Mot. at 85. Plaintiffs objected to this interrogatory as "overbroad and seeking irrelevant information because 'the rights and interests that Lennar sought to protect by allegedly incurring the expenses and/or costs' is not an element of or relevant to either party's claims or defense." Id.

Subject to this objection, Plaintiffs responded to the interrogatory by again quoting from the Court's opinion denying the government's motion to dismiss. Id. at 86. The government again takes issue with Plaintiffs quoting from the opinion, without providing an affirmative statement that they have no independent basis for claiming that Lennar acted to protect its own rights and interests. Def.'s Mot. at 16.

As with Interrogatories Nos. 3 and 4, the Court interprets Plaintiffs' response as supplying the sole basis for their claim that Lennar acted to protect its own interests (and those of co-plaintiff HPS Development) when it incurred the expenses and/or costs they seek in this case. If Plaintiffs intend to assert another independent basis for this claim, then it shall disclose that basis to the government no later than seven days from the date of this order.

### IV.     Interrogatory No. 6

Interrogatory No. 6 requests that Plaintiffs "describe, in detail, separately for Lennar Corporation and for HPS Development Co., LP, the bases for their claims that they incurred the expenses and/or costs sought in the instant case." App. to Def.'s Mot. at 86. Plaintiffs objected to the request that they "state 'separately' the bases for the Plaintiffs' claims on relevance grounds because . . . Lennar is the owner and subrogee of its subsidiary, HPS Development Co., LP, and both entities were named as defendants in the Carter litigation." Id. at 87. Subject to this objection, and citing Federal Rule of Civil Procedure 33(d) (which is identical to Rule 33(d) of the Rules of the Court of Federal Claims), Plaintiffs state that they "paid legal fees and costs defending the Carter action and will produce documents they have relied upon, or currently intend to rely upon . . . as proof of such payments." Id.

In its motion to compel, the government notes that—contrary to the assertions in Plaintiffs' response to Interrogatory No. 6—HPS Development was not named as a

3

defendant in the <u>Carter</u> litigation. Def.'s Mot. at 16 (citing App. to Def.'s Mot. at 1). It argues that there is no support for Plaintiffs' position that when an entity and its parent are both parties to an action, they may file a joint response to an interrogatory. <u>Id.</u>

At the oral argument on the government's motion to compel, Plaintiffs agreed to provide separate descriptions of the bases for the claims by both Lennar and HPS Development that they incurred the expenses and/or costs sought in this case. Should Plaintiffs fail to do so, the government should notify the Court and request a status conference to resolve the issue.

## CONCLUSION

For the reasons set forth above, the government's motion to compel, ECF No. 37, is **DENIED**. As discussed at the status conference on February 6, 2025, the parties shall file a joint proposed schedule for briefing on cross-motions for summary judgment no later than February 10, 2025.

**IT IS SO ORDERED.**

    /s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge